**UNITED STATES of America, Plaintiff,**

v.

**48.49 ACRES OF LAND, MORE OR LESS, Situate IN SANTA BARBARA COUNTY, STATE OF CALIFORNIA, etc., et al., Defendants.**

**No. 948–61.**

United States District Court
S. D. California,
Central Division.
March 29, 1963.

Francis C. Whelan, U. S. Atty., Albert N. Minton, Richard J. Dauber, Wm. B. Spivak, Jr., and Melvin C. Blum, Asst. U. S. Attys., for the United States.

Pier Gherini, Santa Barbara, Cal., for defendants Joseph and Peter Signorelli.

Price, Postel & Parma, Harold A. Parma, H. Clarke Gaines and Gerald S. Thede, Santa Barbara, Cal., for defendants Sudden Estate Company and Sudden Investment Co.

CRARY, District Judge.

The defendants' oral motion for an order requiring plaintiff to produce for defendants inspection the report of plaintiff's mineral appraiser came on for hearing at 2 o'clock p. m., March 25, 1963, before the above entitled court. At the time of the hearing, plaintiff by oral motion requested inspection of report of defendants' appraiser, and following oral argument and consideration of the points and authorities filed by the parties, and the case of United States v. Certain Parcels of Land, and so forth, a decision of District Judge Mathes, D.C., 15 F.R.D. 224, the court ordered the filing by plaintiff and defendants of their mineral appraiser reports for the court's inspection, in camera, and determination of whether any portion of said appraiser reports should be disclosed to the parties

involved. It is to be noted that the court in the Certain Parcels of Land case, supra, at page 236, states the rule as to "good cause", and following the statement of the test in this regard, the court states:

> "Application of such a test at bar requires consideration of the reasonable probabilities as to what information is contained in the documents at issue which would be admissible at the trial, or 'appears reasonably calculated to lead to the discovery of admissible evidence', Fed.Rules Civ.Proc., Rules 26(b), 34, 28 U.S.C.A. at pages 168, 281, and is not available to the moving party otherwise than through discovery proceedings."

This statement is followed by the court's observation that in the appraisal reports one might reasonably expect to find information as to facts not disclosed by public record, relevant to transactions involving property comparable to that sought to be condemned, and so forth.

The court has examined copy of mineral appraisal report of W. S. Eddelman, Jr., dated October 27, 1961, approved November 6, 1961, by David Jones, Reviewing Appraiser for Mining, Sacramento, California, delivered to the court by the government on March 27, 1963, and the copy of mineral appraisal of Robert N. Williams, consulting geologist, made on behalf of defendants on or about August, 1961, and copy of geological report of W. Neil Richardson, consulting engineer, A.I.M.E., dated April 13, 1960. Both of the last mentioned reports were mailed to the court by counsel for defendants on March 26, 1963. All of the reports hereinabove referred to concern the property involved in the above entitled action. After in camera inspection of all of the reports submitted, the court orders that the mineral appraisal report of the government be marked for identification as Exhibit A and that the mineral appraisal report of the defendants be marked as

**464**

Exhibit 1 for identification and the geologist's report of defendants be marked Exhibit 2 for identification.

It appears to the court that the above described documents comprising Exhibits A, 1 and 2 for identification do not contain discoverable information.

 It is further ordered that the above described reports and each of them, marked plaintiff's Exhibit A for identification and defendants' Exhibits 1 and 2 for identification, be separately sealed and kept secret under seal in the custody of the Clerk subject to further order of the court, and that upon application of any defendant, any document or other exhibit withheld from inspection by plaintiffs or defendants, shall be included under seal as part of any record on appeal in this cause, for in camera inspection by and subject to the further order of the appellate court in order to enable the appellate court to determine whether inspection has been erroneously withheld.

As to the contentions of defendants that they are entitled to inspect the mineral appraisal made by Mr. Eddelman by reason of an alleged agreement on the part of Mr. Eddelman that defendants would have this right as a condition to the examination by Mr. Eddelman and Mr. Bell, appraisers for plaintiff, of reports of Robert N. Williams and W. Neil Richardson, referred to hereinabove, which reports were examined by the said Eddelman and Bell, in this regard, it is noted that in a letter from defendants' counsel to Mr. William J. Curran, Jr., dated October 3, 1961, (Exhibit A to defendants' contentions) it is stated, among other things, in referring to the reports of Messrs. Eddelman and Bell re defendants examination of plaintiff's appraisal report that "These men assured me that as far as they were concerned there would be no objection, but that I would have to clear through you." Defendants' counsel was advised by letter dated October 16, 1961, (Exhibit B to defendants' contentions)

from one John Shipley, Chief, Real Estate Division, United States Army Engineer District, Los Angeles, among other things, that the appraisal reports being prepared by Mr. Eddelman and Mr. Bell were confidential and that government regulations prohibited their examination by other parties. Although it appears from defendants' counsel's letter of October 3rd that he understood "he would have to clear" through the Real Estate Division of the District Engineer, there appears to have been a misunderstanding with respect to the conditions under which the government appraisers inspected the reports of the defendants. In any event, the court concludes the government appraisers had no authority to make any promises re inspection of their reports and that the plaintiff was not bound by any promises of the said appraisers.

The motion for inspection by defendants on the last mentioned grounds is denied.